Rose, J.
Appeal from an order of the Supreme Court (Mc-Grath, J.), entered January 29, 2013 in Rensselaer County, which denied defendants’ motion for summary judgment dismissing the complaint.
Plaintiff was seriously injured when the vehicle in which she was a passenger collided with an unlicensed vehicle being pursued at high speed by defendant Thomas Jones, a police officer with defendant Village of Nassau Police Department. She commenced this action seeking to recover damages for her injuries and, after joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Finding issues of fact as to whether Jones acted with reckless disregard for the safety of others during the pursuit and whether such recklessness was a proximate cause of the accident, Supreme Court denied the motion. Defendants appeal.
We cannot agree with defendants’ argument that there can be no finding of reckless disregard based on Jones’ version of events. Jones testified that he observed a Jeep and a Kia traveling together, and neither appeared to have rear license plates. He followed them and, after confirming his initial observations, he activated his lights in order to pull the two vehicles over. They both accelerated, however, and Jones also accelerated, pursuing them for 20 to 25 seconds over a distance of approximately half a mile while he unsuccessfully focused on attempting to contact central dispatch on his radio. He testified that he looked up from switching channels on his radio and saw the Kia “skid sideways” across the path of the oncoming vehicle in which plaintiff was a passenger. According to Jones, the closest he got to the Kia was two to three car lengths and his maximum speed was 50 to 60 miles per hour.
*1114 Plaintiff, on the other hand, testified that she saw the three vehicles approaching, all traveling at the same high rate of speed. The police vehicle was “very close” to the Kia, “almost on its bumper,” but she could not say if there was contact between them. According to plaintiff, the Kia suddenly made a 90-degree left turn in front of her vehicle, her vehicle then struck the Kia and the Kia exploded, killing its driver. A State Police accident reconstruction report concluded that the minimum speed of the Kia at impact was 78 miles per hour. Plaintiffs expert engineer, John Serth, analyzed the possible causes for the Kia’s sudden 90-degree turn and concluded that, at that speed, the Kia could not have turned as it did and traveled across the opposite lane in the manner described unless Jones’ vehicle, a Chevrolet Tahoe equipped with a push bar, came into contact with it.
Contrary to defendants’ contention, Serth’s opinion cannot be described as entirely speculative or devoid of factual support, inasmuch as his calculations regarding speed and the ability of a vehicle to turn in the manner described are based upon information he gleaned from the accident reconstruction report and the parties’ descriptions of the accident (see Soto v New York City Tr. Auth., 6 NY3d 487, 494 [2006]; Pember v Carlson, 45 AD3d 1092, 1094 [2007]; Aylesworth v Evans, 225 AD2d 850, 851-852 [1996]). Viewing this evidence in a light most favorable to plaintiff (see Fisher v Multiquip, Inc., 96 AD3d 1190, 1195 [2012]), there are triable issues of fact as to whether Jones acted with reckless disregard by striking the vehicle he was pursuing and whether such conduct was a proximate cause of the accident (see O’Banner v County of Sullivan, 16 AD3d 950, 952 [2005]; Sweeney v Peterson, 1 AD3d 650, 652 [2003]; Rouse v Dahlem, 228 AD2d 777, 779-780 [1996]; compare King v Village of Cobleskill, 237 AD2d 689, 692 [1997]). Accordingly, Supreme Court properly denied defendants’ motion for summary judgment. In light of our determination, the parties’ remaining contentions are rendered academic and we need not resolve them.
McCarthy, J.P, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.