*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014                   517662
_____

CHARLES LACASSE,

                    Appellant,

            v                              MEMORANDUM AND ORDER

SALVATORE SORBELLO, Doing
    Business as SORBELLO
    LANDSCAPING,

                    Respondent.
_____

Calendar Date:  September 11, 2014

Before:  Peters, P.J., Lahtinen, Stein, Garry and Devine, JJ.

                    _____

        Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel),
for appellant.

        Kelly & Meenagh, LLP, Poughkeepsie (John P. Meenagh Jr. of
counsel), for respondent.

                    _____

Devine, J.

        Appeal from an order of the Supreme Court (Zwack, J.),
entered February 11, 2013 in Ulster County, which granted
defendant's motion for summary judgment dismissing the amended
complaint.

        After a homeowner requested the removal of a limb from a
tree on his property, plaintiff ascended an A-frame ladder, which
was being held by defendant, and cut the branch with a chain saw.
As the branch fell to the ground, so did the ladder and
plaintiff, causing plaintiff to sustain serious injuries.
Plaintiff commenced this action and, following joinder of issue,
defendant moved for summary judgment dismissing the amended

complaint.   Supreme Court granted the motion and plaintiff now
appeals.

On a motion for summary judgment, the movant must establish
its prima facie entitlement to judgment as a matter of law by
presenting competent evidence that demonstrates the absence of
any material issue of fact (see Alvarez v Prospect Hosp., 68 NY2d
320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d
851, 853 [1985]; Walton v Albany Community Dev. Agency, 279 AD2d
93, 94-95 [2001]).   Only when the movant satisfies its obligation
does the burden shift to the nonmovant to present evidence
demonstrating the existence of a triable issue of fact (see
Lockwood v Layton, 79 AD3d 1342, 1342-1343 [2010]; Huffner v
Ziff, Weiermiller, Hayden & Mustico, LLP, 55 AD3d 1009, 1011
[2008]; Horth v Mansur, 243 AD2d 1041, 1042 [1997]).   In
considering applications of this nature, "[c]ourts must focus on
issue finding rather than issue determination, and deny the
drastic remedy of summary judgment if there is any doubt as to
whether a material factual issue exists or if such an issue is
even arguable" (Black v Kohl's Dept. Stores, Inc., 80 AD3d 958,
959 [2011]; see Vega v Restani Constr. Corp., 18 NY3d 499, 505
[2012]; Tenkate v Tops Mkts., LLC, 38 AD3d 987, 989 [2007]).

In support of his motion, defendant explained that, after
he determined that the limb could be removed by use of a pole saw
that was in his truck and sent his employee, Aaron Bates, to
retrieve it, plaintiff insisted that he could climb the tree and
cut the limb with a chain saw and ignored defendant's instruction
to wait for Bates to return with the pole saw.   Notwithstanding
plaintiff's refusal to follow defendant's directive to not use
the chain saw, defendant held the ladder as plaintiff was cutting
the branch.   Defendant averred that the ladder "did not move
before [plaintiff] began to fall."   Defendant explained that,
because saw dust was falling, he was not watching plaintiff at
the time of the accident.   Likewise, although he could not see
defendant holding the ladder, plaintiff testified during his
deposition that he had nearly cut through the limb when the
ladder suddenly "gave way," causing his fall.   Plaintiff denied
that the chain saw kicked or that he lost his balance; he instead
maintained that defendant's failure to adequately secure the
ladder caused the accident.   In a differing version of events,

Bates averred that, upon his return to the site of the accident, he observed plaintiff "sitting on a limb in the tree with one foot on the ladder" and, while he did not dispute that defendant was holding or supporting the ladder, Bates merely stated that defendant was "near the base of the tree" and was "not assisting [plaintiff] in cutting the branch." Bates further stated that the limb fell from the tree and knocked the ladder over, causing plaintiff to fall from the tree onto the ground; plaintiff, however, testified to the contrary during his examination before trial.

Rather than viewing this conflicting testimonial evidence in a light most favorable to plaintiff and according him the benefit of every reasonable inference (see M & R Ginsburg, LLC v Segal, Goldman, Mazzotta & Siegel, P.C., 90 AD3d 1208, 1210-1211 [2011]; Jones v G & I Homes, Inc., 86 AD3d 786, 787 [2011]; Goodell v Rosetti, 52 AD3d 911, 914 [2008]), Supreme Court resolved these "factual discrepancies and the resulting credibility issues" in favor of defendant and improperly granted summary judgment (Coyle v Bommarito, 106 AD3d 1324, 1327 [2013]; compare Bores v Bolde, 88 AD3d 1243, 1244 [2011]; Rockefeller v Albany Welding Supply Co., 3 AD3d 753, 756 [2004]). Inasmuch as defendant failed to demonstrate the absence of any material issue of fact with regard to his claim that plaintiff's unsafe use of the ladder was the sole proximate cause of plaintiff's accident (see Hilton v Jones, 114 AD3d 1113, 1114 [2014]; Connor v Tee Bar Corp., 302 AD2d 729, 731 [2003]), denial of defendant's motion was required "'regardless of the sufficiency of the opposing papers'" (Keating v Town of Burke, 86 AD3d 660, 662 [2011], quoting Winegrad v New York Univ. Med. Ctr., 64 NY2d at 851; see Cook v Indian Brook Vil., Inc., 100 AD3d 1247, 1248 [2012]; Faicco v Golub, 91 AD3d 817, 818 [2012]).

Peters, P.J., Lahtinen, Stein and Garry, JJ., concur.

ORDERED that the order is reversed, on the law, with costs, and motion denied.


ENTER:

Robert D. Mayberger
Clerk of the Court