Abbey Family Trust No. Four v Matthews (2023 NY Slip Op 03272)

Abbey Family Trust No. Four v Matthews

2023 NY Slip Op 03272

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

535357
[*1]Abbey Family Trust Number Four et al., Respondents,
v
Richard T. Matthews et al., Appellants, et al., Defendant.

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ.

Levene Gouldin & Thompson, LLP, Vestal (Kathryn A. Donnelly of counsel), for appellants.
Hinman Howard & Kattell, LLP, Binghamton (Albert J. Millus Jr. of counsel), for Abbey Family Trust Number Four and others, respondents.
Goldberg Segalla, Syracuse (William H. Hython of counsel), for Edward L. Rose Conservancy, Inc., respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (Eugene D. Faughnan, J.), entered March 31, 2022 in Broome County, which, among other things, partially denied certain defendants' cross-motion for summary judgment dismissing the complaint against them.
Plaintiffs are the owners of a tract of property (hereinafter the subject property) in the Town of Chenango, Broome County which abuts a 15-acre parcel (hereinafter the Matthews property) owned by defendants Richard T. Matthews, Theresa M. Matthews and James M. Matthews (hereinafter collectively referred to as the Matthews defendants). These properties were initially owned by one individual, Nelson P. James, but in 1959 James subdivided the property into the two parcels at issue herein and sold the Matthews property to Donald Cyr and Audria Cyr. This subdivision left the subject property landlocked and, as a result, the deed from James to the Cyrs included a "perpetual easement and right[-]of[-]way over and across [the Matthews property] for the purpose of ingress and egress to and from [the subject property]. Said right[-]of[-]way being an extension of the John Smith Road," the road providing access to the Matthews property. In 2020, in preparation for building a single-family dwelling on the subject property, plaintiff Jay Abbey applied to the Town of Chenango Zoning Board of Appeals (hereinafter the ZBA) for an area variance allowing him to build a house despite the lack of road frontage, which the Matthews defendants opposed. The Matthews defendants also submitted a complaint to the Department of Environmental Conservation (hereinafter DEC) and asked it to investigate oil barrels on plaintiffs' property. The parties thereafter engaged in a series of disputes over the width of the easement, leading the Matthews defendants to construct an unlocked gate restricting the right-of-way entrance to 10 feet wide, which Jay Abbey and plaintiff Justin Abbey destroyed with construction equipment.
Plaintiffs thereafter commenced this action alleging various causes of action and seeking, as relevant here, a declaration that the easement was 49½ feet in width and that they had the right to improve the easement. Plaintiffs also alleged that defendant Edward L. Rose Conservancy, Inc. (hereinafter the Conservancy) lacked standing to oppose development of the subject property [FN1] and that the Matthews defendants had defamed them by reporting to DEC that there were oil barrels on the property and sought damages as a result thereof. The Matthews defendants answered and asserted various counterclaims, including seeking a declaration that the easement is eight feet in width and that plaintiffs can only use it for ingress and egress, as well as a counterclaim in which they seek damages pursuant to Civil Rights Law § 76-a — also known as New York's anti-strategic lawsuit against public participation (hereinafter anti-SLAPP) statute — on the basis that this action was commenced without a substantial basis and involves public petition [*2]and participation. The Conservancy also answered and, thereafter, plaintiffs moved for summary judgment seeking judgment in their favor on certain causes of action and to dismiss the Matthews defendants' counterclaims. The Matthews defendants then cross-moved for summary judgment dismissing the complaint and in their favor on each of their counterclaims. Supreme Court denied plaintiffs' motion for summary judgment as well as the Matthews defendants' cross-motion for summary judgment as to the issues of the width and purpose of the easement, finding that issues of fact precluded summary judgment on this claim. The court granted that aspect of the Matthews defendants' motion for summary judgment that sought dismissal of plaintiffs' defamation claim and granted that aspect of plaintiffs' motion for summary judgment that sought dismissal of the Matthews defendants' counterclaim for damages pursuant to Civil Rights Law § 76-a. The Matthews defendants appeal.
The Matthews defendants contend that Supreme Court erred in denying their cross-motion for summary judgment as to the counterclaims seeking declarations regarding the width and purpose of the easement. "The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (Northwood Sch., Inc. v Fletcher, 190 AD3d 1136, 1139 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Gates v AT & T Corp., 100 AD3d 1216, 1218 [3d Dept 2012]). "In determining the extent of an easement, it must be construed to include any reasonable use to which it may be devoted, provided the use is lawful and is one contemplated by the grant" (Albrechta v Broome County Indus. Dev. Agency, 274 AD2d 651, 652 [3d Dept 2000] [internal quotation marks and citations omitted]; see Town of Elmira v Hutchison, 53 AD3d 939, 940 [3d Dept 2008]). "As a rule, where the intention in granting an easement is to afford only a right of ingress and egress, it is the right of passage, and not any right in a physical passageway itself, that is granted to the easement holder" (Lewis v Young, 92 NY2d 443, 449 [1998] [citations omitted]; see Thibodeau v Martin, 119 AD3d 1015, 1016 [3d Dept 2014]). "A right[-]of[-]way along a private road belonging to another person does not give the easement holder a right that the road shall be in no respect altered or the width decreased, for his right is merely a right to pass with the convenience to which he has been accustomed" (Lewis v Young, 92 NY2d at 449 [internal quotation marks, brackets, ellipsis and citations omitted]; see Hogue v Village of Dering Harbor, 199 AD3d 900, 903 [2d Dept 2021]). "[I]n the absence of a demonstrated intent to provide otherwise, a landowner burdened by an express easement of ingress and egress may narrow it, cover it over, gate it or fence it off, so long as the easement holder's right of passage is not impaired" (Lewis v Young, 92 NY2d at 449[*3]; accord Sambrook v Sierocki, 53 AD3d 817, 818 [3d Dept 2008]).
Initially, contrary to Supreme Court's determination, the Matthews defendants have established their "prima facie entitlement to judgment as a matter of law by presenting competent evidence that demonstrates the absence of any material issue of fact" that the purpose of the easement is for ingress and egress only (Lacasse v Sorbello, 121 AD3d 1241, 1241 [3d Dept 2014] [citations omitted]). Plaintiffs then failed to "demonstrat[e] the existence of a triable issue of fact" as to the purpose of the easement (id.).[FN2] Thus, Supreme Court should have granted that portion of the Matthews defendants' motion for summary judgment seeking a declaration that plaintiffs' use of the easement is limited to ingress and egress to their property. We do, however, find that Supreme Court properly denied the Matthews defendants' cross-motion relative to their request for a declaration regarding the width of the easement. There is no dispute that, in the deed granting the easement, the width is undefined. To that end, even if we were to determine that the Matthews defendants established their prima facie entitlement to judgment as a matter of law that the width of the easement is only eight feet, plaintiffs raised an issue of material fact that their "right of passage" has been impaired (Lewis v Young, 92 NY2d at 449). Specifically, plaintiffs allege that the fence restricting the right-of-way to 10 feet is too narrow for certain farming equipment to enter their property, thus impairing their right to use the easement for ingress and egress to their property (compare Hogue v Village of Dering Harbor, 199 AD3d at 903; Thibodeau v Martin, 119 AD3d at 1016). As such, although the Matthews defendants, as the servient estate owners, are free to install a fence, they cannot do so if it impairs plaintiffs' rights under the easement (see Lewis v Young, 92 NY2d at 449; Hogue v Village of Dering Harbor, 199 AD3d at 903). Moreover, plaintiffs also raised a triable issue of fact as to whether restricting the width of the easement to eight feet impaired their right "to pass with the convenience to which [they have] been accustomed" (Lewis v Young, 92 NY2d at 449 [internal quotation marks and citations omitted]), inasmuch as, in 2012, they aver that they deposited shale to pave the right-of-way and installed pipes for drainage purposes to a width of 16 to 21 feet. Plaintiffs aver that they freely used the right-of-way in this fashion until 2020 without objection from the Matthews defendants. Indeed, both the Matthews defendants' and plaintiffs' submissions demonstrate that the Matthews defendants raised no issue with plaintiffs' use and enjoyment of the easement until such time as plaintiffs took affirmative steps to construct a residence on their property. Given the foregoing, Supreme Court did not err in denying the Matthews defendants' cross-motion relative to their request for a declaration that the easement is only [*4]eight feet in width.
The Matthews defendants also argue that Supreme Court improperly granted plaintiffs' motion for summary judgment as to the Matthews defendants' anti-SLAPP claim. We disagree. "SLAPP suits — strategic lawsuits against public participation — are characterized as having little legal merit but are filed nonetheless to burden opponents with legal defense costs and the threat of liability and to discourage those who might wish to speak out in the future" (Aristocrat Plastic Surgery P.C. v Silva, 206 AD3d 26, 28 [1st Dept 2022] [internal quotation marks, ellipsis and citation omitted]). In 2020, the legislature made certain amendments to broaden the scope of New York's anti-SLAPP statute, including the amendment of Civil Rights Law § 76-a (1) to "expand the definition of an action involving public petition and participation to include claims based upon any communication in a place open to the public or a public forum in connection with an issue of public interest. The amended law further provides that public interest shall be construed broadly, and shall mean any subject other than a purely private matter" (id. at 29 [internal quotation marks and citations omitted]; see L 2020, ch 250, § 2). Here, although the Matthews defendants publicly opposed plaintiffs' application for an area variance, it is clear from plaintiffs' papers that this action was commenced to determine the width of the easement rather than to simply burden defendants with legal costs. Moreover, although plaintiffs' pursuit of building a residence on their property may involve issues, such as the request for an area variance or the effect on the water quality, that interest the public, this action is not about those issues; rather, the purpose is to determine, as relative to these parties, the width and purpose of the easement (see Miller v Appadurai, 214 AD3d 455, 456 [1st Dept 2023]).[FN3] Thus, "[u]nder these circumstances, [this action is] not within the sphere of public interest" (Miller v Appadurai, 214 AD3d at 456; compare Aristocrat Plastic Surgery, P.C. v Silva, 206 AD3d at 32).
Garry, P.J., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the order if modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment of defendants Richard T. Matthews, Theresa M. Matthews and James M. Matthews as to their counterclaim seeking a declaration that the purpose of the easement is for ingress and egress; it is so declared; and, as so modified, affirmed.

Footnotes

Footnote 1: In 2012, the Matthews defendants granted a conservation easement to the Conservancy.

Footnote 2: Although plaintiffs, in their complaint, seek a declaration as to the width of the easement and that they have the right to improve it, they are not seeking a declaration that their use is anything other than for ingress and egress to their property.

Footnote 3: We agree that the defamation cause of action lacked merit; nevertheless, under these circumstances, it is not the kind of lawsuit contemplated by the anti-SLAPP laws (see Miller v Appadurai, 214 AD3d at 456; see generally Aristocrat Plastic Surgery P.C. v Silva, 206 AD3d at 29).