Tsamasiros v Jones (2024 NY Slip Op 05814)

Tsamasiros v Jones

2024 NY Slip Op 05814

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-05653
 (Index No. 152313/22)

[*1]Christos Tsamasiros, appellant-respondent, 
v
Davey Jones III, respondent-appellant.

Rabinowitz, Galina & Rosen, Mineola, NY (Daniel P. Rabinowitz and Michael Rabinowitz of counsel), for appellant-respondent.
Richard A. Altman, New York, NY, for respondent-appellant.

DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Richmond County (Ronald Castorina, Jr., J.), dated April 18, 2023. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint with prejudice. The order, insofar as cross-appealed from, denied that branch of the defendant's motion which was pursuant to Civil Rights Law § 70-a(1)(a) and CPLR 8303-a for an award of attorney's fees and costs.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties are members of the Excelsior Sportsman's Club, a New York not-for-profit corporation (hereinafter the Club). The Club is a participant in the New York State Department of Environmental Conservation's Forest Tax Abatement program, which allows for professional management of the State's forests by private organizations. The Club owns and is responsible for approximately 1,700 acres of forest land in Sullivan County.
In September 2022, the defendant distributed a letter to Club members in response to the plaintiff's allegations of wrongdoing against the defendant, the defendant's parents, and the Club's leadership (hereinafter the subject letter).
Thereafter, in December 2022, the plaintiff commenced this action to recover damages for defamation. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint with prejudice and pursuant to New York Civil Rights Law § 70-a(1)(a) and CPLR 8303-a for an award of attorney's fees and costs. In an order dated April 18, 2023, the Supreme Court granted, pursuant to CPLR 3211(a)(7), that branch of the defendant's motion which was to dismiss the complaint with prejudice and denied that branch of the defendant's motion which was pursuant to Civil Rights Law § 70-a(1)(a) and CPLR 8303-a for an award of attorney's fees and costs. The plaintiff appeals and the defendant cross-appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must [*2]liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Sternberg v Wiederman, 225 AD3d 820, 821). "In assessing a motion under CPLR 3211(a)(7), a court may freely consider affidavits and other evidence submitted by the plaintiff to remedy any defects in the complaint" (Renaud v Bedford-Carp Constr., Inc., 221 AD3d 739, 740). Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, the criterion is whether the proponent of the pleading has a cause of action, not whether the proponent has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Whelan v Cuomo, 220 AD3d 979, 980).
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Greenberg v Spitzer, 155 AD3d 27, 41; see Rosner v Amazon.com, 132 AD3d 835, 836-837). CPLR 3016(a) provides that, "[i]n an action for libel or slander, the particular words complained of shall be set forth in the complaint" (see Nofal v Yousef, 228 AD3d 772, 774; Barbetta v NBCUniversal Media, LLC, 227 AD3d 763, 766). "Compliance with CPLR 3016(a) is strictly enforced" (Oluwo v Mills, 228 AD39 879, 880 [internal quotation marks omitted]; see Lemieux v Fox, 135 AD3d 713, 714). Here, the complaint, as supplemented by the plaintiff's affidavit, sufficiently sets forth the particular words complained of, to wit: certain statements made by the defendant in the subject letter.
Nevertheless, it is submitted that the alleged defamatory statements constitute non-actionable opinion. "Since falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, it follows that only statements alleging facts can properly be the subject of a defamation action" (Bowen v Van Bramer, 205 AD3d 674, 675 [internal quotation marks omitted]; see Gross v New York Times Co., 82 NY2d 146, 152-153). Accordingly, "[a]n expression of pure opinion is not actionable . . . , no matter how vituperative or unreasonable it may be" (Kasavana v Vela, 172 AD3d 1042, 1045 [internal quotation marks omitted]). "In distinguishing between statements of fact and those of pure opinion, it is necessary to consider the writing as a whole, including its tone and apparent purpose, as well as the overall context of the publication, to determine whether the reasonable reader would have believed that the challenged statements were conveying facts about the plaintiff" (Perchuk v Perfect Body Image, LLC, 220 AD3d 894, 895 [internal quotation marks omitted]; see Udell v NYP Holdings, Inc., 169 AD3d 954, 956). Here, all of the defendant's statements contained in the subject letter amounted to no more than non-actionable opinion or rhetorical hyperbole.
Accordingly, the Supreme Court properly granted, pursuant to CPLR 3211(a)(7), that branch of the defendant's motion which was to dismiss the complaint with prejudice.
Contrary to the defendant's contention, this action is not subject to Civil Rights Law § 76-a. "In 2020, the legislature amended New York's anti-SLAPP statute to 'broaden the scope of the law and afford greater protections to citizens' beyond suits arising from applications to the government" (Aristocrat Plastic Surgery P.C. v Silva, 206 AD3d 26, 28, quoting Mable Assets, LLC v Rachmanov, 192 AD3d 998, 1000). "Among other changes, Civil Rights Law § 76-a was amended to expand the definition of an 'action involving public petition and participation' to include claims based upon 'any communication in a place open to the public or a public forum in connection with an issue of public interest'" (id. at 29, quoting Civil Rights Law § 76-a[1][a][1]; see Gottwald v Sebert, 40 NY3d 240, 256). Section 76-a(1)(d) further provides that the term "public interest" "shall be construed broadly, and shall mean any subject other than a purely private matter" (see Gottwald v Sebert, 40 NY3d at 257). "To make the determination of whether content is arguably within the sphere of legitimate public concern, allegedly defamatory statements can only be viewed in the context of the writing as a whole, and not as disembodied words, phrases or sentences" (Huggins v Moore, 94 NY2d 296, 302 [internal quotation marks omitted]; see Aristocrat Plastic Surgery P.C. [*3]v Silva, 206 AD3d at 30). Content is not a matter of public concern when it falls "into the realm of mere gossip and prurient interest" (Huggins v Moore, 94 NY2d at 302 [internal quotation marks omitted]). Further, "publications directed only to a limited, private audience are matters of purely private concern" (id. at 303 [internal quotation marks omitted]).
Here, contrary to the defendant's contention, the subject letter distributed to Club members concerned a purely private matter and was directed only to a limited private audience (see Nelson v Ardrey, __ AD3d __, __, 2024 NY Slip Op 04147, *3 [2d Dept]). Moreover, the subject letter did not implicate any issue of broad public interest (see Huggins v Moores, 94 NY2d at 303-304; Nelson v Ardrey, __ AD3d at __, 2024 NY Slip Op 04147, *3). Although the Club participates in the State Department of Environmental Conservation's Forest Tax Abatement program and has a role in managing 1,700 acres of the State's forest land, those issues were not discussed in the subject letter (see Miller v Appadurai, 214 AD3d 455, 456).
Therefore, under the circumstances, the Supreme Court properly determined that the defendant was not entitled to an award of attorney's fees and costs pursuant to Civil Rights Law § 70-a(1)(a) (see Abbey Family Trust No. Four v Matthews, 217 AD3d 1158, 1162-1163; Miller v Appadurai, 214 AD3d at 456).
Finally, the complaint was not without any reasonable basis in law or fact, and nothing in the record demonstrates that the plaintiff's commencement of the action was frivolous within the meaning of CPLR 8303-a.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to Civil Rights Law § 70-a(1)(a) and CPLR 8303-a for an award of attorney's fees and costs.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court