**Russell v Gage**

2025 NY Slip Op 31609(U)

May 5, 2025

Supreme Court, Broome County

Docket Number: Index No. EFCA2024003003

Judge: Eugene D. Faughnan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At a Motion Term of the Supreme Court of
the State of New York held in and for the
Sixth Judicial District at the Broome County
Courthouse, Binghamton, New York, on the
7th day of March 2025, conducted virtually.

PRESENT:    HON. EUGENE D. FAUGHNAN
            Justice Presiding

STATE OF NEW YORK
SUPREME COURT : COUNTY OF BROOME

_____

CARL J. RUSSELL,

                              Plaintiff,                    **DECISION AND ORDER**

            vs.

                                                           Index No. EFCA2024003003

JASON GAGE and TAYLOR JAMES,

                              Defendants.

_____

APPEARANCES:

Counsel for Plaintiff:              RONALD R. BENJAMIN, ESQ.
                                    Law Offices of Ronald R. Benjamin
                                    126 Riverside Dr.
                                    P.O. Box 607
                                    Binghamton, NY 13902

Counsel for Defendants:             MARK W. GREENFEST, ESQ.
                                    415 National Blvd., #1e
                                    Long Beach, NY 11561

## EUGENE D. FAUGHNAN, J.S.C.

This matter is before the Court upon the motion of Plaintiff Carl Russell for partial summary judgment. Counsel for Defendants Jason Gage and Taylor James did not file papers in opposition to the motion, but counsel for both parties were present for virtual oral argument.[1] After due deliberation, this constitutes the Court's Decision and Order with respect to the pending motion.

## BACKGROUND FACTS

Plaintiff commenced this action by the filing of a Summons and Verified Complaint on October 24, 2024 alleging that Defendants are tenants of premises owned by Plaintiff at 2 Clarendon Drive in the City of Binghamton and that Defendants have not paid rent on the property since April 1, 2023. The original oral rental agreement was for $850 per month and then subsequently increased to $905 per month and then raised again to $1,000 per month.

Plaintiff initially sought to recover possession by filing an action in the Town of Chenango Court in November 2023 for non-payment of rents. That action was dismissed due to Defendants' claim that there was a dispute in title to the property. In particular, Defendants submitted a signed "Property Condition Disclosure Statement" to the Town Court, which they claimed was their contract with Plaintiff to purchase the property. Since a Town Court has no jurisdiction over title disputes, the Town of Chenango Court dismissed the case. Plaintiff subsequently commenced this action in Supreme Court and set forth two causes of action. The first cause of action is for "an order of eviction of Defendants for non-payment of rent." (Plaintiff's Verified Complaint at ¶ 14). The second cause of action is based on fraud and Plaintiff claims that the signature on the Property Condition Disclosure Statement was forged and presented to the Town of Chenango Court to obtain dismissal of that action. Plaintiff seeks compensatory and exemplary damages as a result of the alleged fraud. Plaintiff also asserts that the disclosure statement was not a contract of sale at all, and that Plaintiff has clear title.

Defendants filed an Answer on November 15, 2024, reserving their rights to amend the pleading to include affirmative defenses and counterclaim. Defendants also made several factual

---

[1] All the papers submitted on this motion are filed in the electronic case file and have been considered by the Court.

assertions in their Answer, including that the parties utilized the Property Condition Disclosure Statement to memorialize their contract of sale, and that Defendants paid $3,750 as a down payment. The Answer also claims that the Plaintiff's stepdaughter signed the disclosure agreement as Plaintiff's agent. Defendants further assert in the Answer that they have invested more than $30,000 to improve the property, suggesting ownership rather then rental of the property. The Answer is not verified, which is required since the Plaintiff's Complaint was verified. *See United Wholesale Mtge., LLC v. Smith,* 2025 NYApp.Div. LEXIS 2081 (3rd Dept. 2025); CPLR ¶ 3020 ("Unless otherwise specified by law, where a pleading is verified, each subsequent pleading shall also be verified…").

In support of the motion for partial summary judgment, Plaintiff submitted his own affidavit as well as an affidavit of his stepdaughter Lacee Price. Plaintiff's affidavit concedes that the parties negotiated for the sale of the property and they had agreed to a purchase price of $75,000 with a down payment of $3,750. However, according to Mr. Russell, the parties were unable to agree to final terms, so there was no actual contract for the sale of this real property. Based on the non-payment, Plaintiff calculates that Defendants are in arrears of $19,925 as of January 2025. There was no attorney affidavit nor Memorandum of Law filed with the motion. An attorney affidavit is generally submitted to establish procedural facts and any defaults.

Lacee Price's affidavit states that she acted as agent for Plaintiff in some matters like collecting rents, but that she did not act as an agent with regard to any potential sale of the property. She stated that when she sought to collect money from Defendants it was for rents, not mortgage payments. She also stated that she was consistently told by Defendants that they would have the money at some future date, but there was never any payment. She also claims that the $3,750 "down payment" was credited against the overdue rent. That statement is not addressed by Mr. Russell, nor reflected in the tabulation submitted by Mr. Russell.

## LEGAL DISCUSSION AND ANALYSIS

Plaintiff is seeking partial summary judgment on the first cause of action. When seeking summary judgment, "the movant must establish its prima facie entitlement to judgment as a matter of law by presenting competent evidence that demonstrates the absence of any material issue of fact." *Lacasse v. Sorbello,* 121 AD3d 1241, 1241 (3rd Dept 2014) *citing Alvarez v. Prospect Hosp.,* 68 NY2d 320, 324 (1986) and *Winegrad v. New York Univ. Med. Ctr.,* 64 NY2d

3

851, 853 (1985) (other citation omitted); *see Amedure v. Standard Furniture Co.*, 125 AD2d 170 (3rd Dept. 1987); *Bulger v. Tri-Town Agency, Inc.*, 148 AD2d 44 (3rd Dept. 1989), *app dismissed* 75 NY2d 808 (1990). Such evidence must be tendered in admissible form. *Zuckerman v. City of New York*, 49 NY2d 557 (1980); *Friends of Animals, Inc. v. Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 (1979). Once this obligation is met, the burden shifts to the respondent to establish that a material issue of fact exists. *Dugan v. Sprung*, 280 AD2d 736 (3rd Dept. 2001); *Sheppard-Mobley v. King*, 10 AD3d 70, 74 (2nd Dept. 2004) *aff'd as mod.* 4 NY3d 627 (2005); *Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v. N.Y. Univ. Med. Ctr.*, 64 NY2d 851, 853. "When faced with a motion for summary judgment, a court's task is issue finding rather than issue determination *(see, Sillman v. Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]) and it must view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference and ascertaining whether there exists any triable issue of fact." *Boston v. Dunham*, 274 AD2d 708, 709 (3rd Dept. 2000) (citation omitted); *American Food & Vending Corp. v. Amazon.com, Inc.*, 214 AD3d 1153 (3rd Dept. 2023). The motion "should be denied if any significant doubt exists as to whether a material factual issue is present or even if it is arguable that such an issue exists." *Haner v. De Vito*, 152 AD2d 896, 896 (3rd Dept. 1989) (citation omitted); *Lacasse v. Sorbello*, 121 AD3d 1241; *Asabor v. Archdiocese of N.Y.*, 102 AD3d 524 (1st Dept. 2013). It "is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact." *Vega v. Restani Constr. Corp.*, 18 NY3d 499, 505 (2012) (citation omitted); *Black v. Kohl's Dept. Stores, Inc.*, 80 AD3d 958 (3rd Dept. 2011).

Plaintiff argues that Defendants have not made any payments, rent or otherwise, for two years and Plaintiff wants to remove them from the property. Defendants claim a right to remain on the property based on an alleged contract of sale. Defendants have not submitted any affidavits or other admissible evidence to support their argument; and the Answer is a nullity since it was not verified.

Upon review of the motion papers, the Court observes that Plaintiff has not specified the basis for his claim to recover possession- whether it be a summary proceeding, an ejectment or an Article 15 action to determine a claim to real property.[2] There are different rules and

---

[2] Certainly, the Court would not expect the legal argument to be set forth in lay affidavits, and Plaintiff only submitted affidavits of Mr. Russell and Ms. Price.

4

procedures depending on the type of action and the nature of relief being requested. Without a clear indication as to the basis of Plaintiff's claim, the Court is left to speculate on a legal theory.

The Court will address three possible methods to obtain possession of the property and remove the occupants. Summary proceedings are governed by Article 7 of the Real Property Actions and Proceedings Law ("RPAPL"), and are commonly used for evictions where there is a lease and a landlord-tenant relationship.[3] Second, an action for ejectment may be commenced under Article 6 of the RPAPL and can be used in "those proceedings in which the summary proceeding is unavailable." 1 Warren's Weed New York Real Property § 3.01[1][a] (2025). In contrast to those two types of action, there is a third avenue which is an action to compel a determination of claims to real property under Article 15 of the RPAPL-that does not even require that a defendant be in possession of the property. It is sufficient that the defendant claims some interest adverse to the plaintiff. The Court will briefly review these three types of actions. Again, the broad analysis is due to the fact that Plaintiff has not identified the grounds for seeking to remove the Defendants.

"Summary proceedings were created to provide an inexpensive and expeditious means of recovering real property. Summary proceedings are generally applied in a landlord/tenant relationship where a tenant fails to pay rent or holds over after the lease term has expired." 5 Warren's Weed New York Real Property, § 41.02 (2025). Summary proceedings are a statutory creation[4] to recover possession and "there must be strict compliance with the statutory requirements." *Matter of Cat Hollow Estates, Inc. v. Savoia*, 46 AD3d 1293, 1294 (3rd Dept 2007), *quoting Clarke v. Wallace Oil Co.*, 284 AD2d 492, 492 (2nd Dept. 2001). "[T]he purpose of nonpayment proceedings is to recover possession for failure to pay rent." *1521 Sheridan LLC v. Vasquez*, 56 Misc3d 1061 (NY Civ. Ct. Bronx County 2017), *citing Patchogue Assoc. v. Sears, Roebuck & Co.*, 37 Misc 3d 1 (NY App. Term, 2nd Dept 2012). The plaintiff must establish all the elements of the cause of action in a summary proceeding, "a requirement that is sometimes referred to as 'jurisdictional.'" *1646 Union, LLC v. Simpson*, 2019 NY Misc LEXIS

---

[3] There is also a potential summary proceeding where there is no landlord-tenant relationship (RPAPL §713), but Plaintiff is alleging that Defendants are tenants and that there was an oral rental agreement (Complaint at ¶ 2), so there is no need to consider RPAPL § 713.

[4] RPAPL § 701 provides that summary proceedings may be brought in county court, police justice court of a village, a justice court, a city civil court, or a district court. Supreme Court is not mentioned in the statute and that is to not further encourage bringing these actions in Supreme Court, even though the Supreme Court does have jurisdiction. (RPAPL § 701, Advisory Committee Notes). In the present case, Plaintiff attempted to pursue the eviction in Town Court, but was forced to Supreme Court by the fact that an issue was raised with respect to title to the property.

272 (NY App. Term 2nd Dept. 2019) (citations omitted). The rules for a Summary Proceeding to Recover Possession of Real Property, are contained in RPAPL Article 7, and include a demand for payment. "To maintain a special proceeding under RPAPL 711 (2), a landlord must prove three elements: (1) a rental agreement concerning the premises between the landlord and tenant; (2) the tenant has defaulted in the payment of rent; and (3) prior to commencing the action, the landlord has properly served a written demand for the payment of rent or the surrender of the premises upon at least 14 days' notice." *25-31 Ontario St. v. Anthony*, 66 Misc3d 566, 568 (City Ct of Cohoes 2019).

The Court has reviewed the evidence and documentation to determine if there is sufficient information to support an Article 7 Summary Proceeding. There have been recent amendments to the RPAPL which complicate the issue, and the Court will address them as pertinent. Plaintiff's Verified Complaint states that a notice was sent to Defendants by certified mail on July 12, 2023 advising that Plaintiff had not received payments for April, May, June and July of 2023 (Plaintiff's Verified Complaint at ¶ 5). When no response was received, Plaintiff had Defendants served with a Written Demand for Payment of Past Due Rent on November 23, **2025.** (Plaintiff's Verified Complaint at ¶6) (emphasis added). The date is obviously incorrect since November 23, 2025 is still in the future. The Plaintiff has not submitted any proof of service, so the Court cannot determine what year was intended to be placed in the Verified Complaint, whether it is 2023 or 2024, and the date could be significant because RPAPL § 711(2) was amended on August 18, 2024. After August 18, 2024, the 14-day notice must also contain a "Good Cause Eviction Law Notice" pursuant to Real Property Law §231-c. Since the Verified Complaint contains an incorrect date as to service of the 14-day notice, which was not remedied by any affidavit or proof of service, the Court cannot determine what law would apply- even assuming that the Plaintiff is pursuing a summary proceeding. Furthermore, under both version of RPAPL § 711(2), the 14-day notice must be made pursuant to RPAPL § 735, which requires personal service, or delivery to a person of suitable age and discretion who resides at the property (followed by mailing), or by "nail and mail" service. Although Plaintiff's Verified Complaint alleges that Defendants were served with a demand for payment of rent, there are no allegations as to the method of service or that it complied with RPAPL §§ 711, 735. Accordingly, Plaintiff has failed to establish strict compliance with Article 7 and therefore, he is not entitled to an order of eviction under Article 7.

6

[* 6]

In contrast to an Article 7 action, a plaintiff can also seek to recover real property by an ejectment, which is covered by Article 6 of the RPAPL. Ejectment actions were the traditional method to recover possession of property at common law, and are still utilized today when the statutory Summary Proceeding is not available or not chosen. Ejectments are most common when there is no lease, but are not limited to that situation. A plaintiff demonstrates its *prima facie* entitlement to judgment as a matter of law on "for ejectment by establishing that (1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate." *Noamex, Inc. v. Domsey Worldwide, Ltd.*, 192 AD3d 817, 819 (2nd Dept. 2021) (citations omitted); see *Jannace v. Nelson, L.P.*, 256 AD2d 385, 385-386 (2nd Dept. 1998) (citations omitted). Plaintiff has alleged to be the owner of the property, but did not submit any proof of that such as a certified copy of a deed. *See e.g. McMillan v. Reid*, 2019 NY Misc LEXIS 29113 (Sup. Ct. Bronx County 2019); *Griffiths v. Farrell*, 2024 NY Misc LEXIS 23233 (Sup. Ct. 2024); *see also, Crook v. Licourt*, 216 AD 237 (4th Dept. 1926). Plaintiff simply indicates that he is the owner or the premises but does not state the basis of that claim, the source of his ownership, or even if his interest is in fee simple or some other right. Plaintiff's ownership rights could have some limitations, restrictions or reversionary clause. Thus, Plaintiff's evidence is not sufficient to establish his ownership for purposes of an ejectment. In addition, without a deed being presented plaintiff has not adequately set forth a description of the premises to be delivered to Plaintiff.

Alternatively, a plaintiff can commence an Article 15 action to quiet title. "The holder of title to real property who desires to obtain possession of the property from another is not limited to an ejectment action, but can commence an RPAPL art. 15 action to recover possession." 5 Warren's Weed New York Real Property § 41.02. To establish a *prima facie* case to quiet title, a plaintiff must show the nature of his or her interest in the property, the nature of defendant's claim to the property, whether defendant is known or unknown and whether all interested parties are named. *See, Guccione v. Estate of Guccione*, 84 AD3d 867 (2nd Dept. 2011); RPAPL § 1515(1). An action under Article 15 is essentially a declaratory judgment claim, and the complaint can seek possession of the property. *See*, RPAPL § 1515(2).

If plaintiff is advancing a claim to quiet title he would have to establish that he is the title holder of the subject property. For the same reasons as discussed with respect to a possible ejectment action, the Court finds insufficient evidence has been presented to establish Plaintiff's ownership of the property.

7

Accordingly, and after considering three possible theories under which Plaintiff might be advancing a claim to remove Defendants from the property and put Plaintiff in possession, the Court finds that Plaintiff has failed to make out a *prima facie* case under any of those theories. The Court is cognizant of the fact that Defendants' Answer was not verified and is therefore a nullity, and that Defendants did not respond in writing to the motion, but Plaintiff must first establish his claim before the Defendants have to rebut the case. Plaintiff has failed to do so, on this record. However, the defects in Plaintiff's proof could be corrected by the submission of proof of ownership (which should be easily obtained) and/or proof of sufficient service of the 14-day notice. Therefore, the Court's determination will be without prejudice to Plaintiff correcting any defects and filing a new motion.

## CONCLUSION

Based on the foregoing, and after due deliberation, it is hereby

ORDERED, Plaintiff's motion for partial summary judgment is DENIED, without prejudice.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

Dated:     May  5  , 2025
Binghamton, New York

HON. EUGENE D. FAUGHNAN
Supreme Court Justice

8

[* 8]