USL Mar., LLC v Adirondack Wild: Friends of the Forest Preserve (2026 NY Slip Op 00953)

USL Mar., LLC v Adirondack Wild: Friends of the Forest Preserve

2026 NY Slip Op 00953

Decided on February 19, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 19, 2026

CV-24-1668
[*1]USL Marina, LLC, Appellant,
vAdirondack Wild: Friends of the Forest Preserve et al., Respondents.

Calendar Date:January 8, 2026

Before:Garry, P.J., Ceresia, McShan and Mackey, JJ.

Norfolk Beier PLLC, Lake Placid (Matthew D. Norfolk of counsel), for appellant.
Whiteman Osterman & Hanna LLP, Albany (Anna V. Seitelman of counsel) and Pace Environmental Litigation Clinic, White Plains (Todd D. Ommen of counsel), for Adirondack Wild: Friends of the Forest Preserve, respondent.
Schoeman Updike & Kaufman LLP, New York City (Charles B. Updike of counsel), for Adirondack Explorer, Inc., respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (John Ellis, J.), entered August 23, 2024 in Franklin County, which, among other things, partially granted defendants' motions to dismiss the complaint.
In 1992, New York enacted legislation to provide protection from a strategic lawsuit against public participation (hereinafter SLAPP suit) that is, a lawsuit characterized as having little merit, brought in retaliation for making public comment on matters of civic significance (see Civil Rights Law §§ 70-a, 76-a; Abbey Family Trust No. Four v Matthews, 217 AD3d 1158, 1162 [3d Dept 2023]). The anti-SLAPP law, which was significantly expanded in 2020 (see L 2020, ch 250), accomplishes its protective goal by providing expedited processes for a defendant to obtain dismissal of a SLAPP suit (see CPLR 3211 [g]; 3212 [h]) and by allowing awards of counsel fees and damages to a defendant targeted by a such a lawsuit (see Civil Rights Law § 70-a). When a defendant moves to dismiss a complaint under CPLR 3211 (g), it is the defendant's initial burden to show that the lawsuit is indeed a SLAPP suit (see Reeves v Associated Newspapers, Ltd., 232 AD3d 10, 18 [1st Dept 2024], lv dismissed 44 NY3d 990 [2025]). If that burden is met, the motion to dismiss must be granted unless the plaintiff can demonstrate that its action has "a substantial basis in law, which requires such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Smartmatic USA Corp. v Fox Corp., 213 AD3d 512, 512 [1st Dept 2023] [internal quotation marks and citation omitted]; see CPLR 3211 [g] [1]; Reeves v Associated Newspapers, Ltd., 232 AD3d at 18-19). Under this unique framework, "which is, in effect, an accelerated summary judgment procedure" (Reeves v Associated Newspapers, Ltd., 232 AD3d at 18), a court is required to consider the pleadings as well as affidavits submitted by the parties setting forth the relevant facts (see CPLR 3211 [g] [2]).
Against that backdrop, we turn to the factual and procedural history of this case. Plaintiff, the owner and operator of a commercial marina located in the Town of Santa Clara, Franklin County, applied to the Adirondack Park Agency for permits to expand the existing marina. Defendant Adirondack Wild: Friends of the Forest Preserve (hereinafter Adirondack Wild) is a nonprofit environmental advocacy organization, and defendant Adirondack Explorer, Inc. (hereinafter Explorer) is a nonprofit media company that publishes on a variety of platforms, including a printed and digital magazine, a website and newsletters. In 2023, Adirondack Wild authored, and Explorer published, a full-page statement, headlined "Off the Scale: Big Development on a Small Pond." The statement advocated against plaintiff's proposed marina expansion and encouraged the public to contact the Adirondack Park Agency and oppose the project.
After the statement was published, plaintiff commenced this defamation action against defendants, who each [*2]moved pre-answer to dismiss the complaint, as relevant here, pursuant to CPLR 3211 (g). In so moving, defendants argued that this action is a SLAPP suit and that plaintiff could not meet its shifted burden of showing a substantial basis in law, because each of the claims made in the published statement were either true or nonactionable expressions of opinion. Defendants further sought an award of costs, counsel fees and compensatory and punitive damages under Civil Rights Law § 70-a. Plaintiff opposed both motions and cross-moved for discovery. Supreme Court granted defendants' motions to dismiss and awarded costs and counsel fees to defendants, while declining their requests for compensatory and punitive damages. The court also denied plaintiff's cross-motion in its entirety. Plaintiff appeals.
As for the question of whether the instant action constitutes a SLAPP suit, we find that it does. To that end, we note that, contrary to the position advanced by plaintiff both during motion practice below and in its appellate brief, plaintiff's counsel conceded as much at oral argument with respect to Adirondack Wild. However, plaintiff maintains that the protections of the anti-SLAPP law should not apply to Explorer because it did not edit or otherwise contribute to the content of Adirondack Wild's statement. We are unpersuaded. The law focused on communications about issues of public interest is directed toward the subject matter of the speech, not any particular speaker, and does not draw distinctions between the authors and the publishers of those communications (see Civil Rights Law § 76-a [1] [a]; VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 84 [2d Dept 2024]; see also NY St Bar Assn, Comm on Media Law Mem in Support, Bill Jacket, L 2020, ch 250 at 17 [advocating for the expanded anti-SLAPP law as providing "improved protection for the free speech rights of all New Yorkers, including entertainment companies and the news media"]). Accordingly, we decline plaintiff's invitation to categorically exclude publishers from the protections of the anti-SLAPP law.
Moving on, the burden shifted to plaintiff to demonstrate that its defamation claim had a substantial basis in law. In an effort to satisfy this burden, plaintiff asserted that five of the claims contained within the published statement were false. Supreme Court disagreed, siding with defendants' position that each of the contested claims was either truthful or a nonactionable expression of opinion. We concur with the court relative to all but one of the claims. A portion of the statement indicated that plaintiff "wants to replace 8,600 square feet of dock . . . with 34,000 feet of commercial marina for 93 motorized boat slips. That's a four-fold increase." However, the record reveals that, in arriving at those figures, Adirondack Wild used inconsistent measurements. That is, in citing to the existing "8,600 square feet of dock," this figure was reached by measuring only the dock surfaces[*3], without including any of the areas of open water between the docks where boats are moored. By contrast, in describing the purported "34,000 feet of commercial marina" that would result from the planned expansion, this figure was attained by measuring both the planned 9,800 square feet of new docking as well as the open water located between those docks. Had the measurements been taken in the same manner, the discrepancy between the respective figures would have been less, such that it would not have lent itself to a conclusion that a "four-fold increase" was going to occur. Under these circumstances, we are satisfied that plaintiff met its corresponding burden of establishing that part of its defamation claim had a substantial basis in law, and as a result defendants' motions to dismiss should have been denied to the extent of allowing the defamation claim to proceed as to that one statement. Given that Supreme Court awarded mandatory costs and counsel fees based upon its dismissal of the complaint (see Civil Rights Law § 70-a [1] [a]), that aspect of the court's ruling was also in error. Finally, because plaintiff did not establish that specified discovery was necessary for it to oppose the motions (see CPLR 3211 [g] [3]), its cross-motion was properly denied.
Garry, P.J., McShan and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motions to dismiss the complaint and awarded costs and counsel fees; said motions denied to the extent that plaintiff's defamation allegations are based on the statement that plaintiff "wants to replace 8,600 square feet of dock . . . with 34,000 feet of commercial marina for 93 motorized boat slips. That's a four-fold increase"; and, as so modified, affirmed.